CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
09/17/2018
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SIGMA LAMBDA UPSILON/SEÑORITAS: LATINAS UNIDAS SORORITY, INC., <br>     Plaintiff <br><br> v. <br><br> RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, <br>     Defendant. <br><br> SERVE: <br> Frank M. Conner III, Rector <br> One CityCenter <br> 850 Tenth Street NW <br> Washington, DC 20001-4956 | Civil Action No. 3:18-cv-00085 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**
(Civil Rights; First and Fourteenth Amendment; 42 U.S.C. 1983;
Declaratory and Injunctive Relief)

Plaintiff Sigma Lambda Upsilon/Señoritas Latinas Unidas Sorority, Inc. ("Plaintiff" or "SLU") files this Complaint against the Rector and Visitors of the University of Virginia, commonly known as the University of Virginia ("Defendant" or "UVA"), under the First and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. 1983, and further seeks declaratory and injunctive relief to redress the Defendant's unlawful restriction on SLU's free speech rights. SLU alleges as follows:

### I.    INTRODUCTION

The University of Virginia believes that organizations that encourage Latinas to study 25 hours per week are guilty of hazing. SLU, a sorority, from fraternal life until SLU agreed to abate these so-called hazing practices. By doing so, Defendant has violated SLU's freedom to associate on campus. Defendant's decision to suspend SLU was also racially discriminatory. Defendant

1

does not impose a "less-than-25-study-hour" rule on any other ethnic group and in fact, as one of the leading universities in the country, Defendant encourages substantially more study hours for other students and student groups. Moreover, Defendant has programs for student athletes that impose similar if not more stringent study requirements so that Defendant can make millions of dollars from NCAA sports participation.

## II. JURISDICTION AND VENUE

1. This action arises under the First and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §§1983 and 1988, thus this Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2. This Court has the authority to grant the requested declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and FRCP 57.

3. This Court has the authority to issue injunctive relief pursuant to 42 U.S.C. 1983 and FRCP 65.

4. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because all acts giving rise to this Complaint occurred within this District and because Defendant's principal place of business is in this District.

## III. PARTIES

5. SLU is a private, non-for-profit corporation chartered in the State of New York that operates as a historically Latina sorority. The organization encompasses chapters at over 50 top colleges and universities, including and at all times relevant here, at UVA. The chapters have been recognized on their campuses and have won numerous awards such as MGC Chapter of the Year, Highest Academic GPA Achievement, Outstanding Program of the Year and many others. Though Latina-based, Sigma Lambda Upsilon is not Latina-

exclusive, and takes pride as a non-discriminatory organization made up of women from all cultures, creeds, disabilities, political beliefs, and sexual preferences. As relevant here, however, the discriminated members of SLU at UVA are all Latinas.

6. Defendant is a flagship public university. It is an agency of the Commonwealth of Virginia. Its main campus is located in Charlottesville, Virginia.

## IV.    FACTS

7. In early 2018, SLU was operating on UVA's Charlottesville campus by, *inter alia*, recruiting students ("hermanas") to pledge for the sorority ("rushing").

8. By conducting rushing, SLU was engaged in expressive free speech as authorized by the First Amendment of the U.S. Constitution.

9. One of SLU's core requirements for rushing is that hermanas adhere to SLU's policies governing conduct for its members.

10. As relevant here, one such policy is that students study for academic courses for at least 25 hours per week.

11. SLU also has a long-standing practice of planning a surprise trip for hermanas to meet SLU leadership in New York and bond with their hermanas.

12. SLU also has a long-standing practice of requiring hermanas to learn about the history and mission of the organization.

13. Each of these, and other practices, comprise SLU's expression of the organization's associative goals and beliefs.

14. Specifically, one of SLU's central associative goals is to develop academically successful members who will develop into public and private leaders.

15. On or about February 14, 2018, Defendant began investigating SLU for hazing their hermanas.

16. Defendant conducted this investigation because, according to Defendant, an hermana allegedly complained to a professor about the burdens of being a new UVA student and pledging for a sorority.

17. Accordingly to this allegation, however, the hermana did not tell the professor or Defendant that she was being hazed, abused, assaulted, or otherwise mistreated by SLU or any of its hermanas.

18. In fact, when asked, the hermana clearly and unequivocally disclaimed that she suffered any such type of mistreatment by SLU or any of its hermanas.

19. Undeterred by these facts, Defendant pursued a formal investigation.

20. Defendant interviewed SLU hermanas to determine whether hazing was occurring.

21. Defendant also referred the hazing allegation to the Charlottesville Police Department ("CPD").

22. CPD declined to investigate.

23. On information and belief, Defendant's investigation comprised solely of interviewing four hermanas.

24. Each hermana cooperated with Defendant's investigation fully and provided testimony and documents as requested.

25. On information and belief, Defendant found no evidence of hazing in SLU's policies or practices.

26. On or about March 1, 2018, Defendant issued an "Outcome Letter," that outlined its decision regarding the hazing investigation.

27. Defendant's findings, however, were not based on any evidence or fact tending to show the health or safety of any hermana was at risk because of SLU's actions.

28. Instead, Defendant based its findings on "an evaluation of the perceived credibility" of the hermanas.

29. On information and belief, Defendant's "evaluation of the perceived credibility" rationale is code for Defendant's finding that the hermanas lied to Defendant during the investigation.

30. Defendant ultimately found that SLU violated the Defendant's hazing policy despite finding no evidence that SLU hazed its hermanas.

31. Defendant claimed its hazing finding was appropriate because of SLU's 25 hour per week study requirement.

32. Defendant made this finding even though studying for 25 hours per week is not uncommon at leading colleges and universities.

33. On information and belief, Defendant made its hazing finding despite requiring similar study hours for students in special academic programs, including NCAA scholarship athletes.

34. On information and belief, Defendant made its hazing finding despite being aware that certain courses offered at the university require more than 25 hours of study per week.

35. Further, Defendant made its hazing finding despite never providing SLU or any other fraternal organization notice of a general prohibition against studying 25 hours per week.

36. Further, Defendant has no policies that reasonably define hazing.

37. Defendant's lack of policy on hazing allows Defendant to arbitrarily, and in this case discriminatorily, find "hazing" where ever it sees fit.

38. As a result of the investigation, Defendant suspended SLU from engaging in the above-listed Constitutionally protected activities on Defendant's property.

39. As a result of the suspension, SLU's First Amendment rights have been violated because Defendant is denying it the right to free speech and association on Defendant's property.

40. As a result of the suspension, SLU has also been discriminated against because Defendant has sanctioned it for no actual misconduct whatsoever.

41. In fact, despite reasonable efforts to work cooperatively with Defendant to resolve this matter informally, Defendant persists in alleging that SLU's remains in conflict with Defendant's hazing policy.

42. On information and belief, Defendant has allowed non-Latina fraternal organizations to continue operating even when more serious (i.e. actual) hazing incidents occurred.

43. Without this Court's intervention, SLU's rights will continue to be violated because it will be unable to exercise its constitutionally protected rights without the threat of additional suspensions and other discipline ever present.

## COUNT 1 – 42 U.S.C. §1983
### (First Amendment Free Speech and Association)

44. SLU reincorporates and realleges all preceding paragraphs.

45. The First Amendment of the U.S. Constitution guarantees free speech and the right of association.

46. SLU exercises these rights when operating on UVA's campus.

47. By suspending SLU's exercise of its rights, Defendant has violated SLU's First Amendment rights and irreparably harmed SLU.

48. Absent injunctive and declaratory relief, SLU's rights will continue to be violated.

## COUNT 2 – 42 U.S.C. §1983
### (Fourteenth Amendment Equal Protection)

49. SLU reincorporates and realleges all preceding paragraphs.

50. The Fourteenth Amendment of the U.S. Constitution guarantees equal protection under the law.

51. By suspending SLU and not other similarly situated but racially different fraternal organizations, Defendant has violated SLU's equal protection rights.

52. This violation irreparably harms SLU.

53. Absent injunctive and declaratory relief, SLU's rights will continue to be violated.

## PRAYER FOR RELIEF

**WHEREFORE**, SLU prays this Court:

    a. Declare Defendant's suspension of SLU's activities to have violated the First and Fourteenth Amendment of the U.S. Constitution;

    b. Permanently enjoin Defendant from suspending or otherwise further infringing on SLU's First and Fourteenth Amendment rights on the basis of perceived credibility;

    c. Award SLU monetary damages as may be authorized by law;

    d. Award SLU reasonable attorney's fees and costs; and

    e. Award such other relief this Court may deem necessary, just or proper.

## <u>Jury Demand</u>

Plaintiff demands trial by jury on all issues so triable.

September 17, 2018          Respectfully Submitted,

Sigma Lambda Upsilon, by counsel

***Sheridan England***
Sheridan England, Esq.
VSB #92983
S.L. England, PLLC
1050 Connecticut Ave NW #500
Washington, DC 20036
Office:  (202) 572-1020
Direct:  (202)725-6806
Sheridan@slengland.com
*Attorney for Plaintiff*

James Granoski, Esq.
VSB #33186
Law Office of James A. Granoski
600 Cameron Street
Alexandria, VA 22314
Telephone: (703) 300-2786
Fax: (703) 340-1642
Email: James@JamesGranoski.com
*Attorney for Plaintiff*

**Certificate of Service**

I hereby certify that on September 17, 2018, a copy of the foregoing was filed on the electronic filing system for the Western District of Virginia and that service shall be made in accordance with the Court's rules.

***/s/ Sheridan England***