IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SIGMA LAMBDA UPSILON/ <br> SEÑORITAS LATINAS UNIDAS <br> SORORITY, INC., <br>       Plaintiff, <br><br> v. <br><br> RECTOR AND VISITORS OF THE <br> UNIVERSITY OF VIRGINIA, <br><br>       Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: 3:18-CV-00085 <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT UNIVERSITY OF VIRGINIA'S
## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The Rector and Visitors of the University of Virginia (University), by counsel, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss Plaintiff's Complaint with prejudice.

## FACTS

Plaintiff, Sigma Lambda Upsilon / Señoritas Latinas Unidas Sorority, Inc. (Sorority), operates as a historically Latina sorority which accepts members "from all cultures, creeds, disabilities, political beliefs, and sexual preferences." Compl. ¶ 5. The Sorority has a chapter at the University. Compl. ¶ 5. In the Complaint, the Sorority alleges on information and belief that the University imposed certain rules including, but not limited to restrictions on the time commitments required of prospective members in a discriminatory manner. The Sorority alleges that the University will not allow the Sorority to continue its operations unless and until the Sorority conforms with the University's requirements. Compl. ¶¶ 33-41.

The Sorority affirmatively pleads in the Complaint that the University "is an agency of

the Commonwealth of Virginia." Compl. ¶ 6. It is well-settled that the University is, in fact, an agency and instrumentality of the Commonwealth of Virginia and "under the control of the [Virginia] General Assembly." Code of Va. §23.1-2200. Accordingly, claims against the University are barred by the Eleventh Amendment to the United States Constitution and Sovereign Immunity. The Court therefore should dismiss the Plaintiff's Complaint with prejudice.

## STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction. "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." *United States v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). A challenge to a court's subject matter jurisdiction can be raised at any time and is properly considered on a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(h)(3). "The burden of establishing the existence of subject matter jurisdiction rests upon the party which seeks to invoke the court's authority." *Allen v. College of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003) (internal citations omitted).

In this case, the jurisdictional facts are not in dispute. Rather, the University challenges the Sorority's legal conclusion that a federal court has subject matter jurisdiction over the Sorority's claims against the University, an agency and instrumentality of the Commonwealth of Virginia.

## ARGUMENT

The Sorority's lawsuit against the University is barred by the Eleventh Amendment and Sovereign Immunity. The Sorority's Complaint purports to state two causes of action under 42 U.S.C. §1983. *See* Compl. ¶¶ 44-53. But the Supreme Court of the United States has held that
2

States are not "persons" subject to suit pursuant to 42 U.S.C. § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Huang v. Bd. of Gov. of Univ. of N.C.*, 902 F.2d 1134 (4th Cir. 1990).  The United States Court of Appeals for the Fourth Circuit has recognized that "[t]he State's immunity from suit without its consent is a doctrine of longstanding an unquestioned authority." *McCartney v. West Virginia*, 156 F.2d 739, 740 (4th Cir. 1946). The Fourth Circuit clarified that this immunity, although sometimes characterized as being derived from the Eleventh Amendment, was actually due to the "inherent . . . nature of sovereignty not to be amenable to the suit of an individual *without its consent*." *Id.* (emphasis in the original).

The Eleventh Amendment bars citizens from bringing suit in federal court against a state, including their own state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state." U.S. Const. amend. XI.  The Eleventh Amendment reinforces the common law doctrine of sovereign immunity, specifically ensuring "that the State cannot be sued in federal court at all, even where the claim has merit, and the importance of immunity as an attribute of the States' sovereignty is such that a court should address that issue promptly once the State asserts its immunity." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482 n.4 (4th Cir. 2005). It precludes a federal court from exercising subject matter jurisdiction over suits against a State and expressly includes suits seeking equitable remedies. *Id.* at 480-81(discussing that Eleventh Amendment immunity deprives a federal court from exercising subject matter jurisdiction); U.S. Const. amend. XI (expressly stating it includes suits in equity); *Missouri v. Fiske*, 290 U.S. 18, 27 (1933) (applying

3

the Eleventh Amendment language to bar requests for equitable relief as well as monetary damages).

The Eleventh Amendment applies not only to the Commonwealth of Virginia, but also to its "agents and instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). The Sorority affirmatively pleads in the Complaint that the University "is an agency of the Commonwealth of Virginia." Compl. ¶ 6. State agencies share the Commonwealth's sovereign immunity. *Will*, 491 U.S. at 71 (1989); *Taliaferro v. State Council of Higher Educ.*, 372 F. Supp. 1378, 1381 (E.D. Va. 1974) ("The State of Virginia is not a 'person' under § 1983. Neither are its agencies or departments." (internal citations omitted)). Indeed, "[t]his Court has already held that the Rector and Visitors of the University, as an instrumentality of the state, is immune from suit in federal court." *Tigrett v. Rector & Visitors of Univ. of Va.*, 97 F. Supp. 2d 752, 756 (W.D. Va. 2000) (internal citations omitted).

## CONCLUSION

For the reasons stated above, neither the Commonwealth nor the University is "a person" within the meaning of 42 U.S.C. § 1983. The Sorority's lawsuit against the University in federal court is barred by the Eleventh Amendment and Sovereign Immunity. The Court therefore should dismiss the Sorority's lawsuit against the University with prejudice.

Date: December 21, 2018

                                                Respectfully submitted,

                                                **RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA**

                                        By:    /s/ Barry T. Meek
                                                             Counsel

Barry T. Meek (VSB No. 41715)
Associate University Counsel and
Senior Assistant Attorney General

Office of the University Counsel
University of Virginia
P.O. Box 400225
Charlottesville, Virginia 22904-4225

Telephone:    (434) 924-3586
Facsimile:     (434) 982-3070
E-mail:        bmeek@virginia.edu

## CERTIFICATE

I hereby certify that on the 21st day of December 2018, a true copy of the University of Virginia's Memorandum in Support of Motion to Dismiss was served by electronic means through the Court's CM/ECF system on counsel for Plaintiff as follows:

>Sheridan England, Esq.
>S.L. England, PLLC
>1050 Connecticut Ave NW #500
>Washington DC 20036
>(202) 572-1020
>Sheridan@slengland.com
>
>James Granoski, Esq.
>Law Office of James A. Granoski
>600 Cameron Street
>Alexandria, VA 22314
>(703) 300-2786
>James@JamesGranoski.com

**RECTOR AND VISITORS OF THE
UNIVERSITY OF VIRGINIA**

/s/ Barry T. Meek