IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SIGMA LAMBDA UPSILON/ <br> SEÑORITAS LATINAS UNIDAS <br> SORORITY, INC., <br>     Plaintiff, <br> v. <br> RECTOR AND VISITORS OF THE <br> UNIVERSITY OF VIRGINIA, ET AL. <br>     Defendants. | Case No.: 3:18-CV-00085 |

**DEFENDANT UNIVERSITY OF VIRGINIA'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Rector and Visitors of the University of Virginia (the "University"), by counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, respectfully states as follows for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint:

## I. Introduction

The University denies the allegations in the unnumbered introductory paragraph of the First Amended Complaint.

## II. Jurisdiction and Venue

1. The University admits that Plaintiff seeks to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The University denies that it has engaged in any unlawful action or conduct in violation of the First Amendment or Fourteenth Amendment of the United States Constitution or in violation of 42 U.S.C. §§ 1983 and 1988.

2. The University admits that Plaintiff seeks a declaratory judgment pursuant to 28

U.S.C. §§ 2201 and 2202 and FRCP 57. The University denies that it has engaged in any unlawful action or conduct for which a declaratory judgment may be entered.

3. The University admits that Plaintiff seeks injunctive relief pursuant to 42 U.S.C. § 1983 and FRCP 65. The University denies that it has engaged in any unlawful action or conduct for which injunctive relief may be granted.

4. The University admits that venue is proper in this Court. The University denies that it has engaged in any unlawful action or conduct.

### III. Parties

5. The University admits that at all times relevant to the First Amended Complaint, Plaintiff Sigma Lambda Upsilon / Señoritas Latinas Unidas Sorority, Inc. (SLU), maintained a Chapter at the University. The University does not have sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 5, and therefore denies them.

6. The University admits the allegations in Paragraph 6.

7. The University admits that Frank M. Conner III is the University's Rector. The University denies the remaining allegations in Paragraph 7.

8. The University admits that Patricia M. Lampkin is the University's Vice President and Chief Student Affairs Officer and is a resident of Virginia. The University denies the remaining allegations in Paragraph 8.

9. The University admits that J. Marshall Pattie was, at times relevant to the First Amended Complaint, an Associate Dean of Students at the University and a resident of Virginia. The University denies the remaining allegations in Paragraph 9.

10. The University admits that E. Halcott Turner II is the University's Assistant Dean and

Director of Fraternity & Sorority Life and is a resident of Virginia. The University denies the remaining allegations in Paragraph 10.

11. The University admits that Caroline Ott is a Program Coordinator in the University's office of Fraternity & Sorority Life and is a Virginia resident. The University denies the remaining allegations in Paragraph 11.

12. The University does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 12, and therefore denies them.

### IV. Facts

13. The University admits the allegations in Paragraph 13.

14. The allegations in Paragraph 14 are a legal conclusion that the University is not required to admit or deny, and the University denies that it has engaged in any unlawful action or conduct.

15. The allegations in Paragraph 15 are a legal conclusion that the University is not required to admit or deny, and the University denies that it has engaged in any unlawful action or conduct.

16. The University admits the allegations in Paragraph 16.

17. The University admits the allegations in Paragraph 17.

18. The University does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 18, and therefore denies them.

19. The University does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 19, and therefore denies them.

20. The University does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 20, and therefore denies them.

21. The University does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 21, and therefore denies them.

22. The University denies the allegations in Paragraph 22.

23. The University denies the allegations in Paragraph 23.

24. The University denies the allegations in Paragraph 24.

25. The University denies the allegations in Paragraph 25.

26. The University admits that an investigation was conducted. The University denies the remaining allegations in Paragraph 26.

27. The University admits that SLU members were interviewed during the investigation. The University denies the remaining allegations in Paragraph 27.

28. The University admits that pursuant to its protocol and consistent with Virginia law, the local law enforcement agency and the local Commonwealth's Attorney were notified that the University had received a report implicating the Virginia hazing statute and the University's hazing policy and that it was conducting an investigation. The University denies the remaining allegations in Paragraph 28.

29. The University does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 29, and therefore denies them.

30. The University denies the allegations in Paragraph 30.

31. The University admits the allegations in Paragraph 31.

32. The University denies the allegations in Paragraph 32.

33. The University admits that the Outcome Letter was issued on March 1, 2018. The University denies the remaining allegations in Paragraph 33.

34. The University denies the allegations in Paragraph 34.

4

35. The University denies the allegations in Paragraph 35.

36. The University denies the allegations in Paragraph 36.

37. The University denies the allegations in Paragraph 37.

38. The University denies the allegations in Paragraph 38.

39. The University admits that SLU's 25-hour per week commitment was one factor of its finding that SLU's overall requirements and practices violated University policy. The University denies the remaining allegations in Paragraph 39.

40. The University admits that studying 25 hours per week is not uncommon at the University or at other colleges and universities. The University denies the remaining allegations in Paragraph 40.

41. The University admits the allegations in Paragraph 41.

42. The University denies the allegations in Paragraph 42.

43. The University admits that NCAA rules restrict the time commitments of student-athletes. Answering further, the University admits that the NCAA rules are applicable to student-athletes in both men's and women's sports programs. The University denies the remaining allegations in Paragraph 43.

44. The University admits that the men's basketball team travelled to Nassau, Bahamas in November 2018 and played in the "Battle 4 Atlantis" tournament, a tournament occurring during the University's Thanksgiving holiday break. The University admits that neither the basketball program nor any of the players engaged in hazing as a result of participation in this activity. The University denies the remaining allegations in Paragraph 44.

45. The University denies the allegations in Paragraph 45.

46. The University denies the allegations in Paragraph 46.

47. The University denies the allegations in Paragraph 47.

48. The University admits that SLU presently has not submitted an approved Articles of Pledging such that SLU may commence a new member education program. The University denies the remaining allegations in Paragraph 48.

49. The University denies the allegations in Paragraph 49.

50. The University denies the allegations in Paragraph 50.

51. The University denies the allegations in Paragraph 51.

52. The University denies the allegations in Paragraph 52.

53. The University denies the allegations in Paragraph 53.

54. The University denies the allegations in Paragraph 54.

55. The University denies the allegations in Paragraph 55.

56. The University denies the allegations in Paragraph 56.

## Count 1

57. The University restates and incorporates by reference its responses to the allegations contained in Paragraphs 1-56 above, as if fully stated in this Paragraph.

58. The allegations in Paragraph 58 are a legal conclusion that the University is not required to admit or deny. The University denies that it has engaged in any unlawful action or conduct in violation of the First Amendment.

59. The University admits that SLU engages in certain activities protected by the First Amendment. The University denies that it has engaged in any unlawful action or conduct in violation of the First Amendment or otherwise contrary to SLU's rights.

60. The University denies the allegations in Paragraph 60.

61. The University denies the allegations in Paragraph 61.

62. The University denies the allegations in Paragraph 62.

## Count 2

63. The University restates and incorporates by reference its responses to the allegations contained in Paragraphs 1-62 above, as if fully stated in this Paragraph.

64. The allegations in Paragraph 64 are a legal conclusion that the University is not required to admit or deny. The University denies that it has engaged in any unlawful action or conduct in violation of the Fourteenth Amendment.

65. The University denies the allegations in Paragraph 65.

66. The University denies the allegations in Paragraph 66.

67. The University denies the allegations in Paragraph 67.

## Count 3

68. The University restates and incorporates by reference its responses to the allegations contained in Paragraphs 1-67 above, as if fully stated in this Paragraph.

69. The University denies the allegations in Paragraph 69.

70. The University denies the allegations in Paragraph 70.

71. The University denies the allegations in Paragraph 71.

## Count 4

72. The University restates and incorporates by reference its responses to the allegations contained in Paragraphs 1-71 above, as if fully stated in this Paragraph.

73. The University denies that it has engaged in any unlawful action or conduct or that there is any continuing violation of law. The University therefore denies the allegations in Paragraph 73.

74. The University denies that it has engaged in any unlawful action or conduct or that there is any continuing violation of law. The University therefore denies the allegations in Paragraph 74.

75. The University denies that it has engaged in any unlawful action or conduct or that there is any continuing violation of law. The University therefore denies the allegations in Paragraph 75.

76. The University denies the allegations in Paragraph 76.

77. The University denies the allegations in Paragraph 77.

### Count 5

78. The University restates and incorporates by reference its responses to the allegations contained in Paragraphs 1-77 above, as if fully stated in this Paragraph.

79. The University denies the allegations in Paragraph 79.

80. The University denies that it has engaged in any unlawful action or conduct or that there is any continuing violation of law. The University therefore denies the allegations in Paragraph 80.

81. The University denies the allegations in Paragraph 81.

### Prayer for Relief

The University denies that Plaintiff is entitled to any relief requested in the Prayer for Relief, including subparts (a) through (e).

### Jury Demand

The University admits that the First Amended Complaint seeks a trial by jury, but denies that a trial is proper or warranted.

## AFFIRMATIVE DEFENSES

1. Plaintiff's First Amended Complaint fails to state a claim on which relief can be granted.

2. The University fully complied with the First Amendment and the Fourteenth Amendment of the United States Constitution; 42 U.S.C. §§ 1983, 1985, and 1986; and 20 U.S.C. §1681.

3. Any act or omission by the University giving rise to Plaintiff's claims for relief, which are expressly denied, were made in good faith and the University had reasonable grounds for believing that its act or omission was not a violation of the First Amendment and the Fourteenth Amendment of the United States Constitution; 42 U.S.C. §§ 1983, 1985, and 1986; and 20 U.S.C. §1681.

4. Plaintiff has no monetary damages and, to the extent Plaintiff has incurred any damages, the University reserves the right to assert that Plaintiff has failed to mitigate its damages.

5. The University denies having any wrongful or discriminating motivation with respect to Plaintiff and asserts that the actions of which Plaintiff complains were taken for lawful reasons independent of any wrongful motivation.

6. The University's policies and practices, as applied to Plaintiff, are based on legitimate non-discriminatory reasons other than the gender of the members of Plaintiff's organization.

7. The University reserves the right to assert and rely on any other affirmative defenses which may be established during discovery.

WHEREFORE, having answered Plaintiff's First Amended Complaint, the Rector and Visitors of the University of Virginia respectfully requests that the Court enter judgment in favor of the University, dismiss the claim against the University with prejudice, and award the University its reasonable attorney's fees and costs, and grant it such other and further relief as the Court deems appropriate.

Date:  January 30, 2019

                              Respectfully submitted,

                              **RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA**

                        By:    /s/ Barry T. Meek
                                  Counsel

Barry T. Meek (VSB No. 41715)
Associate University Counsel and
Senior Assistant Attorney General

Office of the University Counsel
University of Virginia
P.O. Box 400225
Charlottesville, Virginia 22904-4225

Telephone:   (434) 924-3586
Facsimile:    (434) 982-3070
E-mail:       bmeek@virginia.edu

# CERTIFICATE

I hereby certify that on the 30th day of January 2019, a true copy of the University of Virginia's Answer and Affirmative Defenses was served by electronic means through the Court's CM/ECF system on counsel for Plaintiff as follows:

> Sheridan England, Esq.
> S.L. England, PLLC
> 1050 Connecticut Ave NW #500
> Washington DC 20036
> (202) 572-1020
> Sheridan@slengland.com
>
> James Granoski, Esq.
> Law Office of James A. Granoski
> 600 Cameron Street
> Alexandria, VA 22314
> (703) 300-2786
> James@JamesGranoski.com

**RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA**

/s/ Barry T. Meek