IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SIGMA LAMBDA UPSILON/ <br> SEÑORITAS LATINAS UNIDAS <br> SORORITY, INC., <br><br> Plaintiff, <br><br> v. <br><br> RECTOR AND VISITORS OF THE <br> UNIVERSITY OF VIRGINIA, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No.: 3:18-cv-00085-GEC <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT CONNER'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Frank M. Conner III ("Conner"), by counsel, pursuant to the Federal Rules of Civil Procedure, respectfully states as follows for his Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff Sigma Lambda Upsilon/Señoritas Latinas Unidas Sorority, Inc. ("SLU").

### I. Introduction

Conner denies the allegations in the unnumbered introductory paragraph of the First Amended Complaint.

### II. Jurisdiction and Venue

1. Conner admits that SLU seeks to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Conner denies that he has engaged in any unlawful action or conduct in violation of the First Amendment or Fourteenth Amendment of the United States Constitution or in violation of 42 U.S.C. §§ 1983 and 1988.

2. Conner admits that SLU seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and FRCP 57. Conner denies that he has engaged in any unlawful action or conduct for which a declaratory judgment may be entered.

3. Conner admits that SLU seeks injunctive relief pursuant to 42 U.S.C. § 1983 and FRCP 65. Conner denies that he has engaged in any unlawful action or conduct for which injunctive relief may be granted.

4. Conner admits that venue is proper in this Court. Conner denies that he has engaged in any unlawful action or conduct.

### III. Parties

5. Conner admits that, at all times relevant to the First Amended Complaint, SLU maintained a Chapter at the University of Virginia (the "University"). Conner does not have sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 5 and therefore denies them.

6. Conner admits the allegations in Paragraph 6.

7. Conner admits that he is the University's Rector. Conner denies the remaining allegations in Paragraph 7.

8. Conner admits that Patricia M. Lampkin is the University's Vice President and Chief Student Affairs Officer and is a resident of Virginia. Conner denies the remaining allegations in Paragraph 8.

9. Conner admits that J. Marshall Pattie was, at times relevant to the First Amended Complaint, an Associate Dean of Students at the University and a resident of Virginia. Conner denies the remaining allegations in Paragraph 9.

10. Conner admits that E. Halcott Turner II is the University's Assistant Dean and Director of Fraternity and Sorority Life and is a resident of Virginia. Conner denies the remaining allegations in Paragraph 10.

11. Conner admits that Caroline Wagner, formerly Caroline Ott, is a Program Coordinator in the University's Office of Fraternity and Sorority Life and is a Virginia resident. Conner denies the remaining allegations in Paragraph 11.

12. Conner does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 12 and therefore denies them.

### IV. Facts

13. Conner admits the allegations in Paragraph 13.

14. The allegations in Paragraph 14 are a legal conclusion that Conner is not required to admit or deny, and Conner denies that he has engaged in any unlawful action or conduct.

15. The allegations in Paragraph 15 are a legal conclusion that Conner is not required to admit or deny, and Conner denies that he has engaged in any unlawful action or conduct.

16. Conner admits the allegations in Paragraph 16.

17. Conner admits that SLU formerly had the policy described in Paragraph 17.

18. Conner does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 18 and therefore denies them.

19. Conner does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 19 and therefore denies them.

20. Conner does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 20 and therefore denies them.

21. Conner does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 21 and therefore denies them.

22. Conner admits that the University began an investigation on or about February 14, 2018. Conner denies the remaining allegations in Paragraph 22.

23. Conner admits that the University conducted an investigation. Conner denies the remaining allegations in Paragraph 23.

24. Conner denies the allegations in Paragraph 24.

25. Conner denies the allegations in Paragraph 25.

26. Conner admits that an investigation was conducted. Conner denies the remaining allegations in Paragraph 26.

27. Conner admits that SLU members were interviewed during the investigation. Conner denies the remaining allegations in Paragraph 27.

28. Conner admits that, pursuant to the University's protocol and consistent with Virginia law, the local law enforcement agency and the local Commonwealth's Attorney were notified that the University had received a report implicating the Virginia hazing statute and the University's hazing policy and that it was conducting an investigation. Conner denies the remaining allegations in Paragraph 28.

29. Conner admits the allegations in Paragraph 29.

30. Conner denies the allegations in Paragraph 30.

31. Conner admits the allegations in Paragraph 31.

32. Conner denies the allegations in Paragraph 32.

33. Conner admits the allegations in Paragraph 33.

34. Conner denies the allegations in Paragraph 34.

35. Conner denies the allegations in Paragraph 35.

36. Conner denies the allegations in Paragraph 36.

37. Conner denies the allegations in Paragraph 37.

38. Conner denies the allegations in Paragraph 38.

39. Conner admits that SLU's 25-hour per week commitment was one of the factors in the University's finding that SLU's overall requirements and practices violated University policy. Conner denies the remaining allegations in Paragraph 39. Answering further, Conner states that additional factors supported the University's finding.

40. Conner admits that studying 25 hours per week is not uncommon at the University or at other colleges and universities. Conner denies the remaining allegations in Paragraph 40.

41. Conner admits the allegations in Paragraph 41.

42. Conner does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 42 and therefore denies them.

43. Conner does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 43 and therefore denies them.

44. Conner admits that the men's basketball team traveled to Nassau, Bahamas in November 2018 and played in the "Battle 4 Atlantis" tournament, a tournament occurring during the University's Thanksgiving holiday break. Conner admits that neither the basketball program nor any of the players engaged in hazing as a result of participation in this activity. Conner denies the remaining allegations in Paragraph 44.

45. Conner denies the allegations in Paragraph 45.

46. Conner denies the allegations in Paragraph 46. Answering further, Conner states that the University has no policy prohibiting specific study hours.

47. Conner denies the allegations in Paragraph 47.

48. Conner denies the allegations in Paragraph 48. Answering further, Conner states that SLU has submitted an approved Articles of Pledging, permitting SLU to commence a new member education program.

49. Conner denies the allegations in Paragraph 49.

50. Conner denies the allegations in Paragraph 50.

51. Conner denies the allegations in Paragraph 51.

52. Conner denies the allegations in Paragraph 52. Answering further, Conner states that SLU has submitted an approved Articles of Pledging, permitting SLU to commence a new member education program.

53. Conner denies the allegations in Paragraph 53.

54. Conner denies the allegations in Paragraph 54.

55. Conner denies the allegations in Paragraph 55.

56. Conner denies the allegations in Paragraph 56.

## Count 1

57. Conner restates and incorporates by reference his responses to the allegations contained in Paragraphs 1-56 above, as if fully stated in this Paragraph.

58. The allegations in Paragraph 58 are a legal conclusion that Conner is not required to admit or deny. Conner denies that he has engaged in any unlawful action or conduct in violation of the First Amendment.

59. Conner admits that SLU engages in certain activities protected by the First Amendment. Conner denies that he has engaged in any unlawful action or conduct in violation of the First Amendment or otherwise contrary to SLU's rights.

60. Conner denies the allegations in Paragraph 60.

61. Conner denies the allegations in Paragraph 61.

62. Conner denies the allegations in Paragraph 62.

## Count 2

63. Conner restates and incorporates by reference his responses to the allegations contained in Paragraphs 1-62 above, as if fully stated in this Paragraph.

64. The allegations in Paragraph 64 are a legal conclusion that Conner is not required to admit or deny. Conner denies that he has engaged in any unlawful action or conduct in violation of the Fourteenth Amendment.

65. Conner denies the allegations in Paragraph 65.

66. Conner denies the allegations in Paragraph 66.

67. Conner denies the allegations in Paragraph 67.

## Count 3

68. Conner restates and incorporates by reference his responses to the allegations contained in Paragraphs 1-67 above, as if fully stated in this Paragraph.

69. Conner denies the allegations in Paragraph 69.

70. Conner denies the allegations in Paragraph 70.

71. Conner denies the allegations in Paragraph 71.

## Count 4

72. Conner restates and incorporates by reference his responses to the allegations contained in Paragraphs 1-71 above, as if fully stated in this Paragraph.

73. Conner denies that he has engaged in any unlawful action or conduct or that there is any continuing violation of law. Conner therefore denies the allegations in Paragraph 73.

74. Conner denies that he has engaged in any unlawful action or conduct or that there is any continuing violation of law. Conner therefore denies the allegations in Paragraph 74.

75. Conner denies that he has engaged in any unlawful action or conduct or that there is any continuing violation of law. Conner therefore denies the allegations in Paragraph 75.

76. Conner denies the allegations in Paragraph 76.

77. Conner denies the allegations in Paragraph 77.

### Count 5

78. SLU does not assert this Count against Conner, and he is not required to respond.

79. SLU does not assert this Count against Conner, and he is not required to respond.

80. SLU does not assert this Count against Conner, and he is not required to respond.

81. SLU does not assert this Count against Conner, and he is not required to respond.

### Prayer for Relief

Conner denies that SLU is entitled to any relief requested in the Prayer for Relief, including subparts (a) through (e). Answering further, Conner states that SLU has submitted Articles of Pledging, which were approved, and that SLU is not suspended from the University.

### Jury Demand

Conner admits that the First Amended Complaint seeks a trial by jury, but denies that a trial is proper or warranted.

### AFFIRMATIVE DEFENSES

1. Eleventh Amendment immunity bars all official capacity claims.

2. Conner's qualified immunity bars all individual capacity claims.

3. SLU's First Amended Complaint fails to state a claim on which relief can be granted.

4. Conner fully complied with the First Amendment and the Fourteenth Amendment of the United States Constitution; 42 U.S.C. §§ 1983, 1985, and 1986; and 20 U.S.C. § 1681.

5. Conner expressly denies engaging in any act or omission giving rise to SLU's claims for relief and asserts that he performed his duties in good faith and with reasonable grounds for believing that his conduct was not a violation of the First Amendment and the Fourteenth Amendment of the United States Constitution; 42 U.S.C. §§ 1983, 1985, and 1986; and 20 U.S.C. § 1681.

6. SLU has no monetary damages and, to the extent that SLU has incurred any damages, Conner reserves the right to assert that SLU has failed to mitigate its damages.

7. Conner denies having any wrongful or discriminating motivation with respect to SLU and asserts that the actions of which SLU complains were taken for lawful reasons independent of any wrongful motivation.

8. Conner asserts that the University's policies and practices, as applied to SLU, are based on legitimate non-discriminatory reasons other than the gender of the members of SLU.

9. Conner reserves the right to assert and rely on any other affirmative defenses that may be established during discovery.

WHEREFORE, having answered the First Amended Complaint, Conner respectfully requests that the Court enter judgment in Conner's favor, dismiss the claims against Conner with prejudice, award Conner his reasonable attorney's fees and costs, and grant him such other and further relief as the Court deems appropriate.

Respectfully submitted,

**FRANK M. CONNER III**

By: /s/ Sandra S. Gregor
Counsel

Mark R. Herring
Attorney General of Virginia

Samuel T. Towell
Deputy Attorney General

*Sandra S. Gregor (VSB No. 47421)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 786-1586 Telephone
(804) 371-2087 Facsimile
sgregor@oag.state.va.us

*Sheri H. Kelly (VSB No. 82219)
Assistant Attorney General
Office of the Attorney General
204 Abingdon Place
Abingdon, Virginia 24211
(276) 628-2964 Telephone
(276) 628-4375 Facsimile
skelly@oag.state.va.us
*Counsel of Record for Defendant Frank M. Conner III*

# CERTIFICATE

I hereby certify that on this 1st day of July, 2019, a true copy of the forgoing was served by electronic means through the Court's CM/ECF system on counsel as follows:

| | |
|---|---|
| Sheridan England, Esq. <br> S.L. England, PLLC <br> 1050 Connecticut Ave NW #500 <br> Washington DC 20036 <br> (202) 572-1020 <br> Sheridan@slengland.com <br> *Counsel for Plaintiff* | James Granoski, Esq. <br> Law Office of James A. Granoski <br> 600 Cameron Street <br> Alexandria, VA 22314 <br> (703) 300-2786 <br> James@JamesGranoski.com <br> *Counsel for Plaintiff* |

By:   /s/ Sandra S. Gregor