IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SIGMA LAMBDA UPSILON/ <br> SEÑORITAS LATINAS UNIDAS <br> SORORITY, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> RECTOR AND VISITORS OF THE <br> UNIVERSITY OF VIRGINIA, et al., <br><br> **Defendants.** | Case No.: 3:18-cv-00085-GEC |

# DEFENDANT WAGNER'S
# ANSWER AND AFFIRMATIVE DEFENSES

Defendant Caroline Wagner ("Wagner"), formerly Caroline Ott, by counsel, pursuant to the Federal Rules of Civil Procedure, respectfully states as follows for her Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff Sigma Lambda Upsilon/Señoritas Latinas Unidas Sorority, Inc. ("SLU").

## I. Introduction

Wagner denies the allegations in the unnumbered introductory paragraph of the First Amended Complaint.

## II. Jurisdiction and Venue

1. Wagner admits that SLU seeks to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Wagner denies that she has engaged in any unlawful action or conduct in violation of the First Amendment or Fourteenth Amendment of the United States Constitution or in violation of 42 U.S.C. §§ 1983 and 1988.

2. Wagner admits that SLU seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and FRCP 57. Wagner denies that she has engaged in any unlawful action or conduct for which a declaratory judgment may be entered.

3. Wagner admits that SLU seeks injunctive relief pursuant to 42 U.S.C. § 1983 and FRCP 65. Wagner denies that she has engaged in any unlawful action or conduct for which injunctive relief may be granted.

4. Wagner admits that venue is proper in this Court. Wagner denies that she has engaged in any unlawful action or conduct.

### III. Parties

5. Wagner admits that, at all times relevant to the First Amended Complaint, SLU maintained a Chapter at the University of Virginia (the "University"). Wagner does not have sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 5 and therefore denies them.

6. Wagner admits the allegations in Paragraph 6.

7. Wagner admits that Frank M. Conner III is the University's Rector. Wagner denies the remaining allegations in Paragraph 7.

8. Wagner admits that Patricia M. Lampkin is the University's Vice President and Chief Student Affairs Officer and is a resident of Virginia. Wagner denies the remaining allegations in Paragraph 8.

9. Wagner admits that J. Marshall Pattie was, at times relevant to the First Amended Complaint, an Associate Dean of Students at the University and a resident of Virginia. Wagner denies the remaining allegations in Paragraph 9.

10. Wagner admits that E. Halcott Turner II is the University's Assistant Dean and Director of Fraternity and Sorority Life and is a resident of Virginia. Wagner denies the remaining allegations in Paragraph 10.

11. Wagner admits that she is a Program Coordinator in the University's Office of Fraternity and Sorority Life and is a Virginia resident. Wagner denies the remaining allegations in Paragraph 11.

12. Wagner does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 12 and therefore denies them.

### IV. Facts

13. Wagner admits the allegations in Paragraph 13.

14. The allegations in Paragraph 14 are a legal conclusion that Wagner is not required to admit or deny, and Wagner denies that she has engaged in any unlawful action or conduct.

15. The allegations in Paragraph 15 are a legal conclusion that Wagner is not required to admit or deny, and Wagner denies that she has engaged in any unlawful action or conduct.

16. Wagner admits the allegations in Paragraph 16.

17. Wagner admits that SLU formerly had the policy described in Paragraph 17.

18. Wagner does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 18 and therefore denies them.

19. Wagner does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 19 and therefore denies them.

20. Wagner does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 20 and therefore denies them.

21. Wagner does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 21 and therefore denies them.

22. Wagner admits that the University began an investigation on or about February 14, 2018. Wagner denies the remaining allegations in Paragraph 22.

23. Wagner admits that the University conducted an investigation. Wagner denies the remaining allegations in Paragraph 23.

24. Wagner denies the allegations in Paragraph 24.

25. Wagner denies the allegations in Paragraph 25.

26. Wagner admits that an investigation was conducted. Wagner denies the remaining allegations in Paragraph 26.

27. Wagner admits that SLU members were interviewed during the investigation. Wagner denies the remaining allegations in Paragraph 27.

28. Wagner admits that, pursuant to the University's protocol and consistent with Virginia law, the local law enforcement agency and the local Commonwealth's Attorney were notified that the University had received a report implicating the Virginia hazing statute and the University's hazing policy and that it was conducting an investigation. Wagner denies the remaining allegations in Paragraph 28.

29. Wagner admits the allegations in Paragraph 29.

30. Wagner denies the allegations in Paragraph 30.

31. Wagner admits the allegations in Paragraph 31.

32. Wagner denies the allegations in Paragraph 32.

33. Wagner admits the allegations in Paragraph 33.

34. Wagner denies the allegations in Paragraph 34.

35. Wagner denies the allegations in Paragraph 35.

36. Wagner denies the allegations in Paragraph 36.

37. Wagner denies the allegations in Paragraph 37.

38. Wagner denies the allegations in Paragraph 38.

39. Wagner admits that SLU's 25-hour per week commitment was one of the factors in the University's finding that SLU's overall requirements and practices violated University policy. Wagner denies the remaining allegations in Paragraph 39. Answering further, Wagner states that additional factors supported the University's finding.

40. Wagner admits that studying 25 hours per week is not uncommon at the University or at other colleges and universities. Wagner denies the remaining allegations in Paragraph 40.

41. Wagner admits the allegations in Paragraph 41.

42. Wagner does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 42 and therefore denies them.

43. Wagner does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 43 and therefore denies them.

44. Wagner admits that the men's basketball team traveled to Nassau, Bahamas in November 2018 and played in the "Battle 4 Atlantis" tournament, a tournament occurring during the University's Thanksgiving holiday break. Wagner admits that neither the basketball program nor any of the players engaged in hazing as a result of participation in this activity. Wagner denies the remaining allegations in Paragraph 44.

45. Wagner denies the allegations in Paragraph 45.

46. Wagner denies the allegations in Paragraph 46. Answering further, Wagner states that the University has no policy prohibiting specific study hours.

47. Wagner denies the allegations in Paragraph 47.

48. Wagner denies the allegations in Paragraph 48. Answering further, Wagner states that SLU has submitted an approved Articles of Pledging, permitting SLU to commence a new member education program.

49. Wagner denies the allegations in Paragraph 49.

50. Wagner denies the allegations in Paragraph 50.

51. Wagner denies the allegations in Paragraph 51.

52. Wagner denies the allegations in Paragraph 52. Answering further, Wagner states that SLU has submitted an approved Articles of Pledging, permitting SLU to commence a new member education program.

53. Wagner denies the allegations in Paragraph 53.

54. Wagner denies the allegations in Paragraph 54.

55. Wagner denies the allegations in Paragraph 55.

56. Wagner denies the allegations in Paragraph 56.

## **Count 1**

57. Wagner restates and incorporates by reference her responses to the allegations contained in Paragraphs 1-56 above, as if fully stated in this Paragraph.

58. The allegations in Paragraph 58 are a legal conclusion that Wagner is not required to admit or deny. Wagner denies that she has engaged in any unlawful action or conduct in violation of the First Amendment.

59. Wagner admits that SLU engages in certain activities protected by the First Amendment. Wagner denies that she has engaged in any unlawful action or conduct in violation of the First Amendment or otherwise contrary to SLU's rights.

60. Wagner denies the allegations in Paragraph 60.

61. Wagner denies the allegations in Paragraph 61.

62. Wagner denies the allegations in Paragraph 62.

## Count 2

63. Wagner restates and incorporates by reference her responses to the allegations contained in Paragraphs 1-62 above, as if fully stated in this Paragraph.

64. The allegations in Paragraph 64 are a legal conclusion that Wagner is not required to admit or deny. Wagner denies that she has engaged in any unlawful action or conduct in violation of the Fourteenth Amendment.

65. Wagner denies the allegations in Paragraph 65.

66. Wagner denies the allegations in Paragraph 66.

67. Wagner denies the allegations in Paragraph 67.

## Count 3

68. Wagner restates and incorporates by reference her responses to the allegations contained in Paragraphs 1-67 above, as if fully stated in this Paragraph.

69. Wagner denies the allegations in Paragraph 69.

70. Wagner denies the allegations in Paragraph 70.

71. Wagner denies the allegations in Paragraph 71.

## Count 4

72. Wagner restates and incorporates by reference her responses to the allegations contained in Paragraphs 1-71 above, as if fully stated in this Paragraph.

73. Wagner denies that she has engaged in any unlawful action or conduct or that there is any continuing violation of law. Wagner therefore denies the allegations in Paragraph 73.

74. Wagner denies that she has engaged in any unlawful action or conduct or that there is any continuing violation of law. Wagner therefore denies the allegations in Paragraph 74.

75. Wagner denies that she has engaged in any unlawful action or conduct or that there is any continuing violation of law. Wagner therefore denies the allegations in Paragraph 75.

76. Wagner denies the allegations in Paragraph 76.

77. Wagner denies the allegations in Paragraph 77.

## Count 5

78. SLU does not assert this Count against Wagner, and she is not required to respond.

79. SLU does not assert this Count against Wagner, and she is not required to respond.

80. SLU does not assert this Count against Wagner, and she is not required to respond.

81. SLU does not assert this Count against Wagner, and she is not required to respond.

**Prayer for Relief**

Wagner denies that SLU is entitled to any relief requested in the Prayer for Relief, including subparts (a) through (e). Answering further, Wagner states that SLU submitted Articles of Pledging, which were approved, and that SLU is not suspended from the University.

**Jury Demand**

Wagner admits that the First Amended Complaint seeks a trial by jury, but denies that a trial is proper or warranted.

# AFFIRMATIVE DEFENSES

1. Eleventh Amendment immunity bars all official capacity claims.

2. Wagner's qualified immunity bars all individual capacity claims.

3. SLU's First Amended Complaint fails to state a claim on which relief can be granted.

4. Wagner fully complied with the First Amendment and the Fourteenth Amendment of the United States Constitution; 42 U.S.C. §§ 1983, 1985, and 1986; and 20 U.S.C. § 1681.

5. Wagner expressly denies engaging in any act or omission giving rise to SLU's claims for relief and asserts that she performed her duties in good faith and with reasonable grounds for believing that her conduct was not a violation of the First Amendment and the Fourteenth Amendment of the United States Constitution; 42 U.S.C. §§ 1983, 1985, and 1986; and 20 U.S.C. § 1681.

6. SLU has no monetary damages and, to the extent that SLU has incurred any damages, Wagner reserves the right to assert that SLU has failed to mitigate its damages.

7. Wagner denies having any wrongful or discriminating motivation with respect to SLU and asserts that the actions of which SLU complains were taken for lawful reasons independent of any wrongful motivation.

8. Wagner asserts that the University's policies and practices, as applied to SLU, are based on legitimate non-discriminatory reasons other than the gender of the members of SLU.

9. Wagner reserves the right to assert and rely on any other affirmative defenses that may be established during discovery.

WHEREFORE, having answered the First Amended Complaint, Wagner respectfully requests that the Court enter judgment in Wagner's favor, dismiss the claims against Wagner

with prejudice, award Wagner her reasonable attorney's fees and costs, and grant her such other and further relief as the Court deems appropriate.

Respectfully submitted,

**CAROLINE WAGNER**

By:    /s/ Sandra S. Gregor
             Counsel

Mark R. Herring
Attorney General of Virginia

Samuel T. Towell
Deputy Attorney General

*Sandra S. Gregor (VSB No. 47421)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 786-1586 Telephone
(804) 371-2087 Facsimile
sgregor@oag.state.va.us

*Sheri H. Kelly (VSB No. 82219)
Assistant Attorney General
Office of the Attorney General
204 Abingdon Place
Abingdon, Virginia 24211
(276) 628-2964 Telephone
(276) 628-4375 Facsimile
skelly@oag.state.va.us
*Counsel of Record for Defendant Caroline Wagner*

# CERTIFICATE

I hereby certify that on this 1st day of July, 2019, a true copy of the forgoing was served by electronic means through the Court's CM/ECF system on counsel as follows:

| | |
|---|---|
| Sheridan England, Esq. <br> S.L. England, PLLC <br> 1050 Connecticut Ave NW #500 <br> Washington DC 20036 <br> (202) 572-1020 <br> Sheridan@slengland.com <br> *Counsel for Plaintiff* | James Granoski, Esq. <br> Law Office of James A. Granoski <br> 600 Cameron Street <br> Alexandria, VA 22314 <br> (703) 300-2786 <br> James@JamesGranoski.com <br> *Counsel for Plaintiff* |

By: ⎯⎯/s/ Sandra S. Gregor⎯⎯