# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **SIGMA LAMBDA UPSILON/** | ) | |
| **SEÑORITAS LATINAS UNIDAS** | ) | |
| **SORORITY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:18-cv-00085-GEC** |
| | ) | |
| **RECTOR AND VISITORS OF THE** | ) | |
| **UNIVERSITY OF VIRGINIA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT PATTIE'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant J. Marshall Pattie ("Pattie"), by counsel, pursuant to the Federal Rules of Civil Procedure, respectfully states as follows for his Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff Sigma Lambda Upsilon/Señoritas Latinas Unidas Sorority, Inc. ("SLU").

## I. Introduction

Pattie denies the allegations in the unnumbered introductory paragraph of the First Amended Complaint.

## II. Jurisdiction and Venue

1. Pattie admits that SLU seeks to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Pattie denies that he has engaged in any unlawful action or conduct in violation of the First Amendment or Fourteenth Amendment of the United States Constitution or in violation of 42 U.S.C. §§ 1983 and 1988.

2. Pattie admits that SLU seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and FRCP 57. Pattie denies that he has engaged in any unlawful action or conduct for which a declaratory judgment may be entered.

3. Pattie admits that SLU seeks injunctive relief pursuant to 42 U.S.C. § 1983 and FRCP 65. Pattie denies that he has engaged in any unlawful action or conduct for which injunctive relief may be granted.

4. Pattie admits that venue is proper in this Court. Pattie denies that he has engaged in any unlawful action or conduct.

### III. Parties

5. Pattie admits that, at all times relevant to the First Amended Complaint, SLU maintained a Chapter at the University of Virginia (the "University"). Pattie does not have sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 5 and therefore denies them.

6. Pattie admits the allegations in Paragraph 6.

7. Pattie admits that Frank M. Conner III is the University's Rector. Pattie denies the remaining allegations in Paragraph 7.

8. Pattie admits that Patricia M. Lampkin is the University's Vice President and Chief Student Affairs Officer and is a resident of Virginia. Pattie denies the remaining allegations in Paragraph 8.

9. Pattie admits that he was, at times relevant to the First Amended Complaint, an Associate Dean of Students at the University and a resident of Virginia. Pattie denies the remaining allegations in Paragraph 9.

10. Pattie admits that E. Halcott Turner II is the University's Assistant Dean and Director of Fraternity and Sorority Life and is a resident of Virginia. Pattie denies the remaining allegations in Paragraph 10.

11. Pattie admits that Caroline Wagner, formerly Caroline Ott, is a Program Coordinator in the University's Office of Fraternity and Sorority Life and is a Virginia resident. Pattie denies the remaining allegations in Paragraph 11.

12. Pattie does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 12 and therefore denies them.

### IV. Facts

13. Pattie admits the allegations in Paragraph 13.

14. The allegations in Paragraph 14 are a legal conclusion that Pattie is not required to admit or deny, and Pattie denies that he has engaged in any unlawful action or conduct.

15. The allegations in Paragraph 15 are a legal conclusion that Pattie is not required to admit or deny, and Pattie denies that he has engaged in any unlawful action or conduct.

16. Pattie admits the allegations in Paragraph 16.

17. Pattie admits that SLU formerly had the policy described in Paragraph 17.

18. Pattie does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 18 and therefore denies them.

19. Pattie does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 19 and therefore denies them.

20. Pattie does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 20 and therefore denies them.

21. Pattie does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 21 and therefore denies them.

22. Pattie admits that the University began an investigation on or about February 14, 2018. Pattie denies the remaining allegations in Paragraph 22.

23. Pattie admits that the University conducted an investigation. Pattie denies the remaining allegations in Paragraph 23.

24. Pattie denies the allegations in Paragraph 24.

25. Pattie denies the allegations in Paragraph 25.

26. Pattie admits that an investigation was conducted. Pattie denies the remaining allegations in Paragraph 26.

27. Pattie admits that SLU members were interviewed during the investigation. Pattie denies the remaining allegations in Paragraph 27.

28. Pattie admits that, pursuant to the University's protocol and consistent with Virginia law, the local law enforcement agency and the local Commonwealth's Attorney were notified that the University had received a report implicating the Virginia hazing statute and the University's hazing policy and that it was conducting an investigation. Pattie denies the remaining allegations in Paragraph 28.

29. Pattie admits the allegations in Paragraph 29.

30. Pattie denies the allegations in Paragraph 30.

31. Pattie admits the allegations in Paragraph 31.

32. Pattie denies the allegations in Paragraph 32.

33. Pattie admits the allegations in Paragraph 33.

34. Pattie denies the allegations in Paragraph 34.

4

35. Pattie denies the allegations in Paragraph 35.

36. Pattie denies the allegations in Paragraph 36.

37. Pattie denies the allegations in Paragraph 37.

38. Pattie denies the allegations in Paragraph 38.

39. Pattie admits that SLU's 25-hour per week commitment was one of the factors in the University's finding that SLU's overall requirements and practices violated University policy. Pattie denies the remaining allegations in Paragraph 39. Answering further, Pattie states that additional factors supported the University's finding.

40. Pattie admits that studying 25 hours per week is not uncommon at the University or at other colleges and universities. Pattie denies the remaining allegations in Paragraph 40.

41. Pattie admits the allegations in Paragraph 41.

42. Pattie does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 42 and therefore denies them.

43. Pattie does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 43 and therefore denies them.

44. Pattie admits that the men's basketball team traveled to Nassau, Bahamas in November 2018 and played in the "Battle 4 Atlantis" tournament, a tournament occurring during the University's Thanksgiving holiday break. Pattie admits that neither the basketball program nor any of the players engaged in hazing as a result of participation in this activity. Pattie denies the remaining allegations in Paragraph 44.

45. Pattie denies the allegations in Paragraph 45.

46. Pattie denies the allegations in Paragraph 46. Answering further, Pattie states that the University has no policy prohibiting specific study hours.

47. Pattie denies the allegations in Paragraph 47.

48. Pattie denies the allegations in Paragraph 48. Answering further, Pattie states that SLU has submitted an approved Articles of Pledging, permitting SLU to commence a new member education program.

49. Pattie denies the allegations in Paragraph 49.

50. Pattie denies the allegations in Paragraph 50.

51. Pattie denies the allegations in Paragraph 51.

52. Pattie denies the allegations in Paragraph 52. Answering further, Pattie states that SLU has submitted an approved Articles of Pledging, permitting SLU to commence a new member education program.

53. Pattie denies the allegations in Paragraph 53.

54. Pattie denies the allegations in Paragraph 54.

55. Pattie denies the allegations in Paragraph 55.

56. Pattie denies the allegations in Paragraph 56.

## **Count 1**

57. Pattie restates and incorporates by reference his responses to the allegations contained in Paragraphs 1-56 above, as if fully stated in this Paragraph.

58. The allegations in Paragraph 58 are a legal conclusion that Pattie is not required to admit or deny. Pattie denies that he has engaged in any unlawful action or conduct in violation of the First Amendment.

59. Pattie admits that SLU engages in certain activities protected by the First Amendment. Pattie denies that he has engaged in any unlawful action or conduct in violation of the First Amendment or otherwise contrary to SLU's rights.

60. Pattie denies the allegations in Paragraph 60.

61. Pattie denies the allegations in Paragraph 61.

62. Pattie denies the allegations in Paragraph 62.

## Count 2

63. Pattie restates and incorporates by reference his responses to the allegations contained in Paragraphs 1-62 above, as if fully stated in this Paragraph.

64. The allegations in Paragraph 64 are a legal conclusion that Pattie is not required to admit or deny. Pattie denies that he has engaged in any unlawful action or conduct in violation of the Fourteenth Amendment.

65. Pattie denies the allegations in Paragraph 65.

66. Pattie denies the allegations in Paragraph 66.

67. Pattie denies the allegations in Paragraph 67.

## Count 3

68. Pattie restates and incorporates by reference his responses to the allegations contained in Paragraphs 1-67 above, as if fully stated in this Paragraph.

69. Pattie denies the allegations in Paragraph 69.

70. Pattie denies the allegations in Paragraph 70.

71. Pattie denies the allegations in Paragraph 71.

## Count 4

72. Pattie restates and incorporates by reference his responses to the allegations contained in Paragraphs 1-71 above, as if fully stated in this Paragraph.

73. Pattie denies that he has engaged in any unlawful action or conduct or that there is any continuing violation of law. Pattie therefore denies the allegations in Paragraph 73.

74. Pattie denies that he has engaged in any unlawful action or conduct or that there is any continuing violation of law. Pattie therefore denies the allegations in Paragraph 74.

75. Pattie denies that he has engaged in any unlawful action or conduct or that there is any continuing violation of law. Pattie therefore denies the allegations in Paragraph 75.

76. Pattie denies the allegations in Paragraph 76.

77. Pattie denies the allegations in Paragraph 77.

## **Count 5**

78. SLU does not assert this Count against Pattie, and he is not required to respond.

79. SLU does not assert this Count against Pattie, and he is not required to respond.

80. SLU does not assert this Count against Pattie, and he is not required to respond.

81. SLU does not assert this Count against Pattie, and he is not required to respond.

### **Prayer for Relief**

Pattie denies that SLU is entitled to any relief requested in the Prayer for Relief, including subparts (a) through (e). Answering further, Pattie states that SLU has submitted Articles of Pledging, which were approved, and that SLU is not suspended from the University.

### **Jury Demand**

Pattie admits that the First Amended Complaint seeks a trial by jury, but denies that a trial is proper or warranted.

### **AFFIRMATIVE DEFENSES**

1. Eleventh Amendment immunity bars all official capacity claims.

2. Pattie's qualified immunity bars all individual capacity claims.

3. SLU's First Amended Complaint fails to state a claim on which relief can be granted.

4. Pattie fully complied with the First Amendment and the Fourteenth Amendment of the United States Constitution; 42 U.S.C. §§ 1983, 1985, and 1986; and 20 U.S.C. § 1681.

5. Pattie expressly denies engaging in any act or omission giving rise to SLU's claims for relief and asserts that he performed his duties in good faith and with reasonable grounds for believing that his conduct was not a violation of the First Amendment and the Fourteenth Amendment of the United States Constitution; 42 U.S.C. §§ 1983, 1985, and 1986; and 20 U.S.C. § 1681.

6. SLU has no monetary damages and, to the extent that SLU has incurred any damages, Pattie reserves the right to assert that SLU has failed to mitigate its damages.

7. Pattie denies having any wrongful or discriminating motivation with respect to SLU and asserts that the actions of which SLU complains were taken for lawful reasons independent of any wrongful motivation.

8. Pattie asserts that the University's policies and practices, as applied to SLU, are based on legitimate non-discriminatory reasons other than the gender of the members of SLU.

9. Pattie reserves the right to assert and rely on any other affirmative defenses that may be established during discovery.

WHEREFORE, having answered the First Amended Complaint, Pattie respectfully requests that the Court enter judgment in Pattie's favor, dismiss the claims against Pattie with prejudice, award Pattie his reasonable attorney's fees and costs, and grant him such other and further relief as the Court deems appropriate.

Respectfully submitted,

**J. MARSHALL PATTIE**

By:     /s/ Sandra S. Gregor    
                    Counsel

Mark R. Herring
Attorney General of Virginia

Samuel T. Towell
Deputy Attorney General

*Sandra S. Gregor (VSB No. 47421)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 786-1586 Telephone
(804) 371-2087 Facsimile
sgregor@oag.state.va.us

*Sheri H. Kelly (VSB No. 82219)
Assistant Attorney General
Office of the Attorney General
204 Abingdon Place
Abingdon, Virginia 24211
(276) 628-2964 Telephone
(276) 628-4375 Facsimile
skelly@oag.state.va.us
*Counsel of Record for Defendant J. Marshall Pattie*

10

**CERTIFICATE**

I hereby certify that on this 1st day of July, 2019, a true copy of the forgoing was served

by electronic means through the Court's CM/ECF system on counsel as follows:

Sheridan England, Esq.                    James Granoski, Esq.
S.L. England, PLLC                        Law Office of James A. Granoski
1050 Connecticut Ave NW #500              600 Cameron Street
Washington DC 20036                       Alexandria, VA 22314
(202) 572-1020                            (703) 300-2786
Sheridan@slengland.com                    James@JamesGranoski.com
*Counsel for Plaintiff*                   *Counsel for Plaintiff*


By:    /s/ Sandra S. Gregor